**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID A. ROSE,

      Plaintiff,                                                    Case No. 8:19-cv-02895

v.

WHITES & ASSOCIATES, INC.,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** David A. Rose ("Plaintiff"), by and through his attorneys, Sulaiman Law

Group, Ltd. ("Sulaiman"), complaining of Whites & Associates, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1.    Plaintiff brings this action seeking redress for violations of the Fair Debt Collection

Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, the Telephone Consumer Protection

Act ("TCPA") pursuant to 47 U.S.C. § 227, and violations of the  Florida Consumer

Collection Practices Act ("FCCPA") pursuant to Florida Statutes § 559.55.

**JURISDICTION AND VENUE**

2.    Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28

U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental

jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts

business in the Middle District of Florida, Plaintiff resides in the Middle District of Florida, and

Defendant maintains significant business contacts in the Middle District of Florida.

1

## PARTIES

4.   Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. § 153(39).

5.   Defendant is a debt collection company providing debt recovery services nationwide. Defendant's maintains its principal place of business at 5500 Military Trial, Suite 22-221, Juniper, Florida 33458. Defendant is represented by President Tashima White and Vice President Vivianne White.

## FACTS SUPPORTING CAUSES OF ACTION

6.   Before the events giving rise to this cause of action, Plaintiff incurred a personal debt for hiring contracted work through Robert Fowler Restoration LLC ("subject debt").

7.   Subsequently thereafter, the hired contractors quit and did not complete the home remodel work. Plaintiff did not pay for the work as it was not complete.

8.   At some point thereafter, Defendant acquired the right to collect the subject debt after it was allegedly in default.

9.   On or around October 9, 2019, a mechanic's lien was filed for the unpaid subject debt.

10.   In early November 2019, Defendant began placing phone calls to Plaintiff's cellular phone number (321) XXX-0701, resulting in voicemails relating to the subject debt.

11.   At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number ending in 0701.

12.   Defendant regularly utilized a phone number spoofing software to place calls from phone numbers familiar to Plaintiff, in effort to coerce Plaintiff into answer the phone and making an immediate payment.

13.   Specifically, Defendant would place calls to Plaintiff's cellular phone using numbers

7

known to Plaintiff including, but not limited to, calls disguised as his realtor, his friends numbers, his mother's number, his father's number, and other numbers closely associated with his relatives.[1]

14.   On or around November 12, 2019, Defendant placed a call to Plaintiff's realtor and left a voicemail message which threatened legal action against Plaintiff and disclosed the amount of debt to Plaintiff's realtor.

15.   No less than five minutes later, Plaintiff received a phone call from Defendant with the number spoofed to reflect Plaintiff's realtor's phone number. During the conversation, Defendant's representative stated that there was an outstanding debt of $10,894, which had accrued interest fees and demanded immediate payment before threatening legal action.

16.   Defendant's representative continued to tell Plaintiff that the unpaid debt would result in foreclosure of Plaintiff's home.

17.   Around five minutes after the aforementioned conversation, Defendant called again, this time spoofing Plaintiff's father's telephone number. During the second conversation, Defendant's representative became even more aggressive stating "Mr. Rose you piece of s***, you are going to lose your home." Plaintiff pleaded with Defendant to stop calling him.

18.   On November 12, 2019, Defendant placed no less than 57 phone calls to Plaintiff's cellular phone between 10:44 A.M. EST and 12:06 P.M. EST.

19.   Defendant continued to place multiple calls a day using different spoofed numbers of Plaintiff's friends and family.

---

[1] In order to curtail caller ID spoofing, Congress enacted the Truth in Caller ID Act of 2009. Under the act, it is illegal "to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value...." Forfeiture penalties or criminal fines of up to $10,000 per violation (not to exceed $1,000,000) could be imposed.

20.  During the some of the voicemail messages, a representative identified himself as "Sam White, Senior Partner of Whites & Associates."

21.  In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

22.  Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

23.  Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

24.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenditure of assets.

## DAMAGES

25.  Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

26.  Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

27.  Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

28.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished

cellular phone functionality, decreased battery life on his cellular phone, and diminished space

for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction

due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the

principal purpose of which, is the collection of debts and uses the mail and/or the telephones to

collect delinquent accounts allegedly owed to a third party.

32. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt

after it was in default. 15 U.S.C. §1692a(6).

33. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in

"communications" as defined in FDCPA §1692a(2).

34. Defendant's communications to Plaintiff were made in connection with the collection of

the subject debt.

35. Defendant violated 15 U.S.C. §§1692b(2), d, d(2),  d(5), e,  e(4), e(5), e(10), f and f(6)

through its unlawful debt collection practices.

### a.  Violations of FDCPA § 1692b(2)

36. Defendant violated §1692b(2) by communicating with Plaintiff's realtor that he owed a

debt. By sharing this highly personal private information to Plaintiff's realtor, Plaintiff's privacy

was invaded.

**b.  Violations of FDCPA § 1692d**

37.  Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant utilized phone number spoofing technology to call from phone numbers familiar to Plaintiff, including his realtor, his friends' and family's phone number.

38.  Defendant violated §1692d(2) by using profane and abusive language by specifically stating: "Mr. Rose you piece of s***, you are going to lose your home."

39.  Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed of caused to be placed no less than 57 phone calls to Plaintiff's cellular phone between 10:44 A.M. EST and 12:06 P.M. EST on November 12, 2019.

**c.  Violations of FDCPA §1692e**

40.  Defendant violated §1692e by using false, deceptive, and misleading representations in connection to the collection of the subject debt. Defendant falsely communicated to Plaintiff that if he did not make an immediate payment on the alleged debt, then Defendant will take her to court and garnish her wages.

41.  Defendant violated §1692e(4) and e(5) when it mislead Plaintiff into believing that nonpayment on the subject debt will lead to immediate court action and foreclosure of Plaintiff's home. Specifically, Defendant falsely communicated to Plaintiff that if he did not make an immediate payment on the subject debt, Defendant will take Plaintiff to court and foreclose on his home. At no time was it Defendant's intention to do so.

42. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure immediate payment of the subject debt, Defendant led Plaintiff to fear for his freedom and loss of his home.

### d.  Violation of  FDCPA §1692f

43. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. Defendant utilized phone number spoofing technology to place calls to Plaintiff's cellular phone.

44.  Defendant violated §1692f(6) by threatening to foreclose Plaintiff's home if he did not satisfy the subject debt. Specifically, Defendant's representative informed Plaintiff that he will "lose his home" if the debt remained unpaid.

45.  As an experienced debt collector, Defendant knew or should have known the ramifications of utilizing threatening language in effort to coerce Plaintiff into making an immediate payment toward the subject debt.

46.  As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff DAVID A. ROSE requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

47.  Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

48.  The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

49.  Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

50.  Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

51.  Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

52.  Defendant violated the TCPA by placing no less than 60 phone calls to Plaintiff's cellular telephone from November 2019 through the present day, using an ATDS without his prior consent.

53.  As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

54.  Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

55.  Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

56. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

57. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

58. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff DAVID A. ROSE respectfully prays this Honorable Court for the following relief:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c.  Enjoining Defendant from further contacting Plaintiff; and

    d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

59. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

60. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

61. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt

as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. § 559.51(1).

62.  At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

63.  Defendant violated sections 559.72(7) and 559.72(9) of the FCCPA through its unlawful conduct.

### a.  Violations of FCCPA § 559.72(7)

64. Defendant violated Florida Statutes §559.72(7) by engaging in conduct which can reasonably be expected to abuse or harass.  It was unfair for Defendants to threaten Plaintiff into believing that it would foreclose on his home if he did not make a payment. Defendant's conduct only served to harass and intimidate Plaintiff into paying the subject debt. Futhermore, it was unfair for Defendant to place numerous calls to Plaintiff's cellular phone in an attempt to collect on the subject debt.

### b.  Violations of FCCPA § 559.72(9)

65.  Section 559.72(9) prohibits claims, attempts, or threats to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

66.  Defendant violated § 559.72(9) of the FCCPA by threatening to foreclose Plaintiff's house if payment was not made toward the subject debt.

**WHEREFORE**, Plaintiff DAVID A. ROSE  requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendant;

b.  Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c.  Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d.  Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e.  Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

f.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 22, 2019                                  Respectfully Submitted,

                                                         /s/ Alexander J. Taylor
                                                         Alexander J. Taylor, Esq.
                                                         Florida Bar No. 1013947
                                                         Sulaiman Law Group, Ltd.
                                                         2500 South Highland Avenue
                                                         Suite 200
                                                         Lombard, IL 60148
                                                         Telephone: (630) 575-8181
                                                         ataylor@sulaimanlaw.com
                                                         *Counsel for Plaintiff*